**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MADHU SHURY, a.k.a. Kamlesh Joshi, a.k.a. Kamlesh Joshi Rani, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72421 <br><br> Agency No. A099-438-480 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013**

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Madhu Shury, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Among other things, the BIA found Shury not credible based on her failure to mention in her first asylum statement that her husband burned her leg with an iron and pushed her into a stove, setting her headdress on fire. Substantial evidence supports this finding. *See id.* at 1047 (adverse credibility determination supported based on totality of the circumstances); *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (significant omissions from asylum applications can be substantial evidence in support of an adverse credibility determination); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (substantial evidence supported adverse credibility determination where supplemental declaration and testimony told a more compelling story of persecution than the initial application, and IJ considered petitioner's explanation). In the absence of credible testimony, Shury's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Shury's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that she will be tortured if returned to India, her CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**